**TEXAS & P. RY. CO. et al. v. DUNFORD.**

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1912.)

1. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK—ACTION FOR DAMAGES—SUFFICIENCY OF EVIDENCE.

Evidence, in an action against the final carrier of live stock for damages for delay in transportation, *held* to require a peremptory instruction for defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

2. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK — ACTION FOR DELAY — BURDEN OF PROOF.

A carrier of live stock has the burden of explaining a delay in transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

3. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for damages for delay in the transportation of live stock, *held* sufficient to sustain a verdict against the initial carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

4. TRIAL (§ 260*) — REQUEST FOR INSTRUCTIONS—INSTRUCTIONS GIVEN.

Requested charges fully covered by the court's general charge are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from Shackleford County Court; J. A. King, Judge.

Action by A. J. Dunford against the Texas & Pacific Railway Company and the Texas Central Railroad Company. Judgment for plaintiff, and defendants appeal. Judgment against the Texas Central Railroad Company affirmed, and judgment against the Texas & Pacific Railway Company reversed and rendered in its favor.

W. T. Andrews, of Stamford, and Earl Conner, of Eastland, for appellants. W. L. Morris and S. C. Coffee, both of Albany, for appellee.

CONNER, C. J. [1] The evidence in this case has been carefully considered, and in our judgment the court should have given the peremptory instruction requested in behalf of the appellant the Texas & Pacific Railway Company. It is undisputed that the appellee's cattle did not arrive at Cisco until between 11 and 12 o'clock on the night of November 7th. The shipment was a three-car shipment and not such as devolved upon the Texas & Pacific Railway Company the duty of forthwith continuing the transportation, and there is no evidence whatever indicating negligence on the part of this company in the delay from 11:45 on the night of the 7th to 10 something the morning of the 8th; nor is there any evidence whatever of negligence after the transportation began on the line of the Texas & Pacific Railway Company. The conductor and brakeman both testified that the cattle appeared to be in good condition, and the time made was within the usual time of shipment as stated by the witnesses. No testimony was offered to show the condition of the cattle after they were unloaded at the stockyards. For aught that appears, the cattle were then in good condition, and nothing in the evidence will enable us to say that the cattle were damaged to any extent by the Texas & Pacific; nor can we say that this company failed to sufficiently water and feed the cattle. The plaintiff's own witnesses testified to the effect that it would not be unreasonable to fail to feed and water cattle for a period of 28 hours, and the undisputed evidence before us shows that the cattle in question were not held by the Texas & Pacific Railway Company that length of time. Moreover, it was not shown that the cattle were not fed and watered at Cisco between the time they were actually received by the Texas & Pacific and the time on the next morning when their further transportation began. Nor can it be said that the shipment by the Texas & Pacific Railway Company was under a contract of through shipment so as to render that company liable for the delays or negligence of the Texas Central Railroad, so that on the whole, as stated, we think the court should have instructed the jury to return a verdict for the Texas & Pacific Railway Company, and the judgment as against that appellant will be reversed and here rendered in its favor. All other assignments, therefore, presented by this appellant, become immaterial and need not be determined.

[2, 3] The principal question presented by the appellant the Texas Central Railroad Company is also one of evidence. It is insisted that the jury should have been given a peremptory instruction in its favor, but we have concluded that we cannot sustain this contention. It was alleged, and the plaintiff testified to the effect, that he was told to have his cattle in the pens ready for shipment as early as 3 or 4 o'clock on November 7th, and that the cattle were delivered in the possession of the Texas Central Railroad Company for that purpose between 3 and 4 o'clock; that the usual time for transportation between Albany and Cisco was two hours; and that, had the cattle been promptly transported, they would have arrived at Cisco in time to have caught an east-bound train on the Texas & Pacific as early as 9:30 or 10 p. m. of that day, which would have resulted in the cattle being in Ft. Worth ready for the morning market of November 8th. The evidence shows that in fact the Texas Central Railroad Company failed to have its train at Albany until 7:15 p. m. of November 7th, after which it was not until 11:45 p. m. that they were delivered to the Texas & Pacific. This delay is not explained, and the burden was upon

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the railroad company to explain it, and, not having done so, the jury were authorized to draw the inference of negligence. This conclusion being supported, as we think it follows that there was at least a delay of something like 12 hours attributable to the negligence of the Texas Central Railroad Company from which the evidence tended to show damages would result. The first assignment of error presented by the Texas Central Railroad Company is therefore overruled.

[4] There was no error in the court's action in refusing the special charge quoted in the second assignment of error for the reason that the court's general charge fully covered this issue, as is true also of the special charges mentioned in the third and fourth assignments of error.

What we have said in disposing of the first assignment of error sufficiently answers the fifth, sixth, and seventh assignments. The verdict and judgment not having been complained of as excessive, we think the judgment as against the Texas Central Railroad Company must be affirmed.

It is ordered that the judgment in favor of the appellee against the appellant Texas Central Railroad Company be affirmed, but that appellee's judgment against the Texas & Pacific Railway Company be reversed, and judgment here rendered in favor of that company.